OPINION
This is an appeal of a common pleas court order classifying defendant-appellant, Dale G. Becker, as a sexual predator pursuant to R.C. 2950.09.
In 1991, Becker pleaded guilty to one count each of gross sexual imposition and sexual battery involving a thirteen-year-old girl and was sentenced of record.
Upon a recommendation of the Ohio Department of Rehabilitation and Correction, a classification hearing was held on January 30, 2001. At the conclusion of the hearing, the court classified Becker as a sexual predator pursuant to R.C. 2950.09(C)(2).
As his sole assignment of error, Becker claims the trial court lacked subject matter jurisdiction and that his classification as a sexual predator violates his constitutional rights. In support thereof, he presents a number of issues for consideration.
Becker first argues that the trial court erroneously considered the presentence investigation report from his underlying convictions. Becker takes the position that the report could not be used because he was not being considered for probation or parole during the classification hearing. The court may consider all records from the underlying criminal case, including a presentence report, in a sexual predator hearing. SeeState v. Eppinger (2001), 91 Ohio St.3d 158, 166; State v. Wilson (Nov. 13, 2000), Fayette App. No. CA99-09-024, unreported.
Becker next claims the trial court should not have considered the sexual predator screening instrument (SPSI) submitted by the department of rehabilitation and correction because it incorrectly identified the victim as being under the age of thirteen. The trial court is permitted to consider a SPSI report during a sexual predator classification hearing. State v. Scarborough (Apr. 27, 1998), Warren App. No. CA97-08-088, unreported. Moreover, any erroneous information contained in a SPSI report may be corrected before the trial court makes it determination. State v. Vore (Aug. 21, 2000), Stark App. No. 2000CA00039, unreported. During the classification hearing, Becker's attorney informed the court that the SPSI incorrectly referred to the victim as being under the age of thirteen. The trial court noted the error and took the victim's true age into consideration prior to making its determination.
Becker's next two arguments claim Ohio's sexual predator classification statutes violate the constitutional prohibitions against ex post facto laws and cruel and unusual punishment. The arguments are without merit inasmuch as R.C. Chapter 2950 neither constitutes an ex post facto law nor amounts to cruel or unusual punishment. State v. Cook (1998),83 Ohio St.3d 404, certiorari denied (1999), 525 U.S. 1182,119 S.Ct. 1182; State v. Wilson.
Becker next argues that the state waived its right to initiate classification proceedings because the statute of limitations for such a hearing has expired. This court has previously held that the criminal statute of limitations codified in R.C. 2901.13 does not apply to proceedings under R.C. Chapter 2950. State v. McKinney (Oct. 22, 2001), Clinton App. No. CA2001-04-013, unreported. In fact, the only limitation on such proceedings requires that any department of rehabilitation and correction recommendation to classify an offender as a sexual predator be made "prior to the offender's release from [his] term of imprisonment." R.C. 2950.09(C)(1). The department of rehabilitation and correction made its recommendation while Becker was still incarcerated and serving his prison term and the state is not precluded from initiating such proceedings.
Becker's next argument claims the lower court erred in considering a tape recording of a telephone conversation between Becker and the victim in which Becker makes incriminating statements. Becker claims the recording was made in violation of his Miranda rights. There is nothing to demonstrate that the conversation and Becker's statements were the result of a "custodial interrogation" of Becker by law enforcement officials. See Miranda v. Arizona (1966), 384 U.S. 436, 445,86 S.Ct. 1602, 1612. Accordingly, Becker's statements were properly before the trial court and subject to consideration.
Finally, Becker claims that his classification as a sexual predator violates his 1991 plea agreement with the state. R.C. Chapter 2950 imposes no new affirmative disabilities or restraints upon an individual classified as a sexual predator. State v. McKinney. Thus, the original sentence resulting from Becker's plea bargain is neither modified nor enhanced by the sexual predator classification. Id.
We find no merit to any of the arguments Becker presents in support of his assignment of error. Accordingly, the assignment of error is overruled and the judgment of the trial court is hereby affirmed.
VALEN, P.J., and POWELL, J., concur.